J-S39015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NATHANIEL BUTLER GALLOWAY | |
| Appellant | No. 1951 MDA 2017 |

Appeal from the Judgment of Sentence imposed November 6, 2017
In the Court of Common Pleas of Luzerne County
Criminal Division at No: CP-40-CR-0004583-2016

BEFORE:  STABILE, MURRAY and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED AUGUST 21, 2018**

Appellant, Nathaniel Butler Galloway, appeals from his judgment of sentence of 8-16 years' imprisonment following his guilty plea to 150 counts of possession of child pornography and eight counts of dissemination of child sex acts.[1]  Appellant's counsel, Mary Deady, Esquire, has filed a petition to withdraw, alleging that this appeal is wholly frivolous, as well as a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967).  We grant Ms. Deady's application for leave to withdraw and affirm Appellant's judgment of sentence.

On November 29, 2016, Appellant was arrested and charged with the above offenses.  On June 19, 2017, Appellant pleaded guilty to all charges, and the trial court scheduled sentencing for September 15, 2017.  On July 2,

_____

[1] 18 Pa.C.S.A. § 6312(c) and (d), respectively.

2017, Appellant sent a letter to trial counsel, indicating his desire to withdraw his guilty plea. On August 23, 2017, trial counsel filed a motion to withdraw Appellant's guilty plea. On September 19, 2017, the trial court granted Appellant's motion. On November 6, 2017, Appellant re-entered the same guilty plea to all counts, and the court imposed sentence of 8-16 years' imprisonment during the same hearing.

On November 8, 2017, trial counsel filed a motion to modify sentence contending that Appellant's sentence was excessive. Notably for purposes of this appeal, Appellant's motion did not allege that he failed to enter a knowing, voluntary or intelligent guilty plea.

On December 5, 2016, while Appellant's post-sentence motion was pending in the trial court, Appellant filed a *pro se* notice of appeal to this Court. On January 4, 2018, without requesting Appellant to file a statement of matters complained of on appeal, the trial court filed a short opinion recommending that this Court quash the appeal as premature.

On February 6, 2018, this Court directed the trial court to hold a hearing under **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), to determine whether Appellant desired to proceed *pro se* on appeal. On February 27, 2018, the trial court held a **Grazier** hearing during which Appellant requested court-appointed counsel, and the court appointed Ms. Deady to represent him. On March 6, 2018, the court denied Appellant's post-sentence motion.

In this Court, Ms. Deady filed an **Anders** brief and a petition for leave to withdraw as counsel. The **Anders** brief raises one issue: "Whether the

- 2 -

Appellant's guilty plea was knowingly, voluntarily and intelligently entered?" Appellant's Brief at 3. Appellant contends that trial counsel was ineffective for bullying him into pleading guilty involuntarily. *Id.* at 9.

Preliminarily, we note that Appellant filed his notice of appeal *pro se* on December 5, 2016 even though trial counsel was representing him at that time. This misstep is not fatal to Appellant's appeal, for we have held that "this Court is required to docket a *pro se* notice of appeal despite Appellant being represented by counsel[.]" *Commonwealth v. Williams*, 151 A.3d 621, 624 (Pa. Super. 2016).

We also note that Appellant filed his notice of appeal several months before the trial court denied trial counsel's timely post-sentence motion. Once again, this misstep is not fatal to Appellant's appeal. Pa.R.A.P. 905(a)(5) provides: "A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof." Pursuant to Rule 905(a)(5), we treat Appellant's notice of appeal as if it were filed after entry of the order denying his post-sentence motion and on the day thereof.

When, as here, counsel files an *Anders* brief, we may not review the merits of the underlying issues without first examining counsel's petition to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Counsel must satisfy three procedural requirements when seeking leave to withdraw: she must (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record,

counsel has determined that the appeal would be frivolous; (2) provide a copy of the brief to the defendant; and (3) advise the defendant that he or she has the right to retain private counsel, proceed *pro se* or raise additional arguments that the defendant considers worthy of the court's addition. ***Commonwealth v. Lilley***, 978 A.2d 995, 997 (Pa. Super. 2009).

Here, Ms. Deady's petition to withdraw enclosed her letter to Appellant advising that she was seeking permission to withdraw and providing Appellant with copies of the petition to withdraw and her ***Anders*** brief. Ms. Deady asserted in her petition that she reviewed the record and concluded that the appeal is frivolous. Finally, her letter to Appellant notified him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deemed worthy of this Court's attention. Accordingly, Ms. Deady satisfied ***Anders'*** procedural requirements.

Next, we must address whether Ms. Deady's ***Anders*** brief complies with the substantive requirements of ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2007), which held that an ***Anders*** brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

- 4 -

In her **Anders** brief, Ms. Deady included a statement of the case, including its procedural history. **Anders** Brief at 5-6. She also stated that she carefully reviewed the record and relevant caselaw but could not find any meritorious issues. Lastly, she explained that the appeal was frivolous, because the issue that Appellant wanted to raise, ineffective assistance of guilty plea counsel, had to be raised in a PCRA petition instead of on direct appeal. Thus, Ms. Deady satisfied the substantive requirements for a petition to withdraw under **Anders**.

We turn to the single issue raised in Appellant's **Anders** brief, a claim that trial counsel was ineffective for bullying Appellant into pleading guilty involuntarily. We agree with Ms. Deady that Appellant cannot raise this claim on direct appeal but must instead raise it in a PCRA petition. in **Commonwealth v. Grant**, 813 A.2d 726 (2002), our Supreme Court held that as a general rule, defendants must wait to raise ineffective assistance of counsel claims until collateral review. Only in specific limited circumstances may a defendant raise ineffectiveness claims in post-sentence motions and on direct appeal. **See**, **e.g.**, **Commonwealth v. Holmes**, 79 A.3d 562, 563–64 (Pa. 2013) (trial court has discretion to entertain ineffectiveness claims on post-verdict motions and direct appeal where: (1) claim of ineffectiveness is apparent from record and meritorious to the extent that immediate consideration best serves interests of justice; or (2) where good cause is shown and defendant knowingly and expressly waives his entitlement to seek

subsequent PCRA review from his conviction and sentence). These exceptions do not apply here. Appellant did not claim ineffective assistance of trial counsel in post-verdict motions, and he did not knowingly or expressly waive his entitlement to seek subsequent PCRA review from his conviction. At present, there is nothing in the record that facilitates intelligent appellate review of Appellant's claim of ineffective assistance. Therefore, Appellant must wait until PCRA proceedings to raise an ineffective assistance claim. ***Commonwealth v. Britt***, 83 A.3d 198, 204 (Pa. Super. 2013) (appellant cannot seek review of ineffectiveness claim on direct appeal, "as it involves non-record-based claims, nor has Appellant waived PCRA review").

Aside from this issue, it is our duty to review the record for any other potentially non-frivolous issues. ***Commonwealth v. Dempster***, — A.3d —, 2018 WL 2111634, *4 (Pa. Super., May 8, 2018) (collecting cases defining this duty). Having carefully reviewed the record, we find no other potentially non-frivolous issues. We therefore grant Ms. Deady's petition to withdraw and affirm Appellant's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:08/21/2018